**Application of ANDY'S TRUCK SERVICE, Inc.**

Railroad & Public Utilities Commission.

December 11, 1956

John T. Bond, Miami, for applicant.

C. Clyde Atkins, Miami, for Pan American Construction Co., Brewer Co., Asphalt Paving Co., Florida Asphalt Corp., Brau Asphalt Co., R. H. Wright & Sons, Troup Bros., J. W. Rubin and Al Landers Truck Broker.

George B. Everett, Miami, for Dump Trucks, Inc.

George S. Okell, Jr., Miami, for Brooks Paving Co.

Jeptha P. Marchant, Miami, for Florida Road Builders Ass'n, intervenors.

Guyte P. McCord, Jr., Assistant General Counsel, for the commission and the public generally.

Chairman WILBUR S. KING, commissioners JERRY W. CARTER and ALAN S. BOYD participated in the disposition of this cause.

BY THE COMMISSION.

Andy's Truck Service, Inc., of Hialeah in Dade County, has filed its amended application with this commission seeking a certificate of public convenience and necessity authorizing the operation of an auto transportation company as a common carrier transporting asphaltic concrete (also known as hot-mix, cold-mix, plant-mix concrete) to, from and between all points and places in Dade,

Broward and Monroe counties over irregular routes in open-bodied dump trucks only.

A public hearing was held on the amended application in Miami, and for the additional purpose of determining the nature of the authority, if any, to be required for the transportation proposed—whether such should be a "For Hire" permit, or a certificate of public convenience and necessity.

The commodity involved, asphaltic concrete, appears to be a mixture of rock, sand, and liquid asphalt. It is generally transported in open-bodied dump trucks and is used almost exclusively in building roads, airport runways, driveways and the like. In some instances the mixture is transported to the job site and dumped directly on to the roadway, driveway or other place where it is to be used in hard surfacing the area involved. In other instances it is taken to the job site and transferred into a spreading machine which in turn spreads it out upon the area to be surfaced. The maximum haul appears to be in the neighborhood of ten miles. There are something like 300 to 400 such dump trucks in the Dade County area which are engaged in this particular type transportation. None of the trucks carry "For Hire" tags. For the most part, these dump truck operators are used by road contractors, building roads for the state or some other political subdivision. The demand for the trucks depends upon the particular road building or other paving jobs going on in a community or particular part of the state. As the road building program moves from area to area, so does the demand for this type transportation and as a result, those who own such dump trucks and use them in transporting asphaltic concrete move from place to place with the demand.

This business has been going on for many, many years and has never been subjected to the jurisdiction of this commission. There is some evidence in the record here that a strict regulation of this business would lead to chaos in the roadbuilding and paving business. However that may be, there is not sufficient information before the commission at this time for us to determine whether the proposed transportation is exempt under the terms of the statute, or some certificate or permit should be required.

It is sufficient for the purpose of this application and of this order to say that the transportation proposed definitely is not common carriage. The application here is for a certificate of public convenience and necessity authorizing the operation of an auto transportation company as a common carrier. Under the evidence adduced at the hearing, we cannot grant such a certificate, and the application must be denied on that basis.

On its own motion the commission issued a broad notice calling the public hearing in this matter with the hope that it would be able to develop sufficient facts upon which we could base a finding concerning the nature of the authority, if any, that may be required for the proposed transportation. The results however, have not been entirely satisfactory in that regard and we find ourselves —on the basis of the record here—unable to make a definite ruling in this regard. Having exhausted the possibilities in this particular proceeding, we have no alternative other than to dismiss this proceeding and await such further developments as may be brought about by some interested party or by clarifying legislative action.

Based upon the evidence adduced herein, the commission finds that the proposed transportation involved in this proceeding is not common carriage, and by reason thereof the application, as amended, should be, and is, dismissed.